UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE E. WIESMAN[1], III,

    Plaintiff,                               CIVIL ACTION NO. 13-14475

  v.                                     DISTRICT JUDGE BERNARD A. FRIEDMAN
                                           MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

---

[1] The court spelled Plaintiff's last name as "Weisman" when the case was entered into the docket. However, the claimant spelled his last name "Wiesman", in the caption of his Motion for Summary Judgment (Docket #20). Claimant's last name is also spelled as "Wiesman" in all proceedings before the Social Security Administration.

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits in August 2011, alleging that he had become disabled and unable to work on December 31, 2004, at age 32, due to back pain, a seizure disorder, alcohol abuse and alcoholic liver disease. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on May 30, 2012, before Administrative Law Judge (ALJ) Melvyn Kalt. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option with no exposure to working machinery or unprotected heights. Claimant was also restricted to unskilled work, that required no contact with the general public or co-workers. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the administrative hearing. He had been graduated from high school and had been employed during the relevant past as a cement finisher, pipe fitter and general laborer in the construction industry (TR 63). Claimant testified that he experienced numerous head and neck injuries while working in the construction trades (TR 41-42). He added that his hands and arms were always numb, and that he could not hold onto anything for long periods of time (TR 42-43). Plaintiff allegedly had to lie down several times throughout the day as the result of seizures (TR 45-46). He explained that, when he felt a seizure coming on, he would become confused and delusional

(TR 46-47). A muscle relaxer (Valium) helped alleviate these symptoms, but he often had to sleep for many hours before he felt normal again (TR 47). Plaintiff did not drive as the result of the seizures (TR 49-50).

Claimant also suffered from depression, which allegedly caused many "highs and lows" (TR 51). During the "lows," he tended to isolate himself (TR 51). He indicated that he could not focus on anything for a long period of time. He enjoyed using the internet to communicate with other people via social media, but he could only stay connected for five or 10 minutes due to chronic fatigue (TR 59). Plaintiff acknowledged he had worked "off and on" since his alleged onset date of disability in December 2004 (TR. 54). Claimant explained that he worked for friends in the construction business. They reportedly understood his problems, and would let him rest, or even take him home, if he experienced pain (TR 54-55).

A Vocational Expert, Elizabeth Pasikowski, classified Plaintiff's past work as medium to heavy, unskilled activity (TR 63). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[2] (TR 63). If he were capable of sedentary work, however, there were numerous unskilled assembly, sorting, packaging and inspection jobs that he could perform with minimal vocational adjustment (TR 64). These jobs provided a sit-stand option where he could alternate positions at will. He would not be exposed to unprotected heights, operating machinery, the general public or co-workers (TR 63-64).

---

[2] The witness opined that if claimant needed to take two daily unscheduled breaks, lasting up to 20 minutes, to relieve his pain symptoms, all work activity would be precluded (TR 63, 65).

3

**B.     ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired as result of a back disorder, seizures, alcohol abuse and alcoholic liver disease, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain, seizure disorder and alcoholism limited him to jobs that allowed a sit-stand option where he could alternate positions at will. He was not to be off task for more than 10 percent of the time during the workday. He would not be exposed to unprotected heights or operating machinery.  There would be no requirement to interact with the general public or co-workers. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert (TR 26-33).

**C.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

### D. Discussion and Analysis

After review of the record, I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option where he would not be exposed to unprotected heights, moving machinery, co-workers or the general public. The medical evidence does not support claimant's allegation of totally disabling joint pain[3], seizure disorder or alcohol debilitation. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

---

[3] Plaintiff argues that the ALJ did not properly account for his manipulative limitations, yet he has supported this assertion only with his testimony and subjective complaints that he made to his doctors. On the other hand, Dr. Evan Shapiro noted that Plaintiff "does work as a cement mixture (sic) and that the increased physical activity worsens his pain" (TR 428). On physical exam, Dr. Shapiro reported a full range of motion of claimant's upper and lower limbs (TR 431). On the musculoskeletal exam, Dr. Shapiro reported 5 out of 5 muscle strength in claimant's upper and lower extremities (TR. 431). Thus, Dr. Shapiro's examination did not support complaints of disabling manipulative limitations.

5

Contrary to Plaintiff's assertion, the ALJ did not discount his alcoholism when assessing residual functional capacity (See Plaintiff's Motion for Summary Judgment at p.10). At step three of the sequential evaluation process, the ALJ considered claimant's alcoholism according to section 12.09 of the Listing of Impairments. In order to meet 12.09, Plaintiff must demonstrate that he has "marked" limitations in two of the four "B" criteria. Following a reviewing the medical evidence, the ALJ found that the claimant had mild restrictions in his activities of daily living, and mild difficulties in social functioning (TR 27). The ALJ found that the claimant had moderate difficulties in maintaining concentration, persistence, or pace, and that he did not have any episodes of decompensation for extended durations (TR 28). Thus, the ALJ did not find "marked" limitations in any of these areas. Plaintiff has not challenged these findings. Thus, the ALJ's determination that Plaintiff did not meet or equal the requirements of Listing 12.09 remains an uncontradicted finding.

Claimant also maintains that the Law Judge "cherry picked" the medical evidence of record in order to find support for his finding that he was not mentally disabled (See Plaintiff's Motion for Summary Judgment at pp 11-15). A review of the medical evidence, however, reveals that claimant did not suffer from a severe mental impairment causing serious limitations in his ability to perform basic work activities.

A psychiatric evaluation by Dr. Lester Potempa in May 2011, found claimant to be pleasant and conversant. Dr. Potempa reported that there was no sign of an escalation of dysphoria, or any loose associations. The doctor also indicated that Plaintiff's cognitive functioning was intact . A mental status exam discovered that the claimant was oriented

times three. Plaintiff showed no evidence of suffering from delusions, and he denied any auditory or visual associations (TR 407-408).

Other mental status evaluations of record found the claimant well oriented to person, place and time. He enjoyed normal cognitive functioning (TR 254, 300, 303, 382, 389-390). There is little doubt that claimant's chronic alcoholism contributed to periodic mental instability. Yet, as one examining doctor observed, Plaintiff has refused to seek alcohol rehabilitation treatment and detoxification in the past (TR 254). Given the lack of objective clinical evidence of a severe mental disorder causing serious cognitive failure during the relevant period, the Administrative Law Judge could reasonably find that Plaintiff's mental difficulties did not prevent him from performing a reduced range of sedentary work. There is medical evidence on both sides and, having examined it, I cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, I suggest that the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling mental difficulties were not fully credible.

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous

7

unskilled assembly, sorting, packaging and inspection jobs that he could perform with minimal vocational adjustment (TR 64). These jobs provided a sit-stand option where he could alternate positions at will. He would not be exposed to unprotected heights, operating machinery, the general public or co-workers (TR 63-64). Given the objective clinical findings of the examining physicians of record, there is substantial evidence on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the

Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: September 22, 2014 | United States Magistrate Judge |