UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE E. WIESMAN, III,

    Plaintiff,                                             Civil Action No. 13-CV-14475

vs.                                                      HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        This matter is presently before the Court on cross motions for summary judgment [docket entries 18 and 20]. Magistrate Judge Charles E. Binder has submitted a Report and Recommendation ("R&R") in which he recommends that the Court grant defendant's motion and deny plaintiff's motion. Plaintiff has objected to the R&R. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which timely and sufficient objections have been made.

        Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge a final administrative decision denying his applications for Social Security disability insurance benefits and Supplemental Security Income. Plaintiff claims he has been disabled since December 31, 2004, when he was 32 years old, due to grand mal seizures, bipolar disorder, depression, disc herniation, problems with his cervical spine, degenerative disc disease, Stevens-Johnson syndrome, joint pain, memory problems, PTSD, neck and arm numbness, and muscle twitching (Tr. 190). The ALJ found that plaintiff's severe impairments are his "back disorder, seizures, alcohol abuse, and alcoholic liver disease" (Tr. 26). The ALJ also found that plaintiff cannot do his past work, which consisted of

medium to heavy manual labor, but that he is nonetheless capable of doing sedentary, unskilled work that provides a sit-stand option and does not require interaction with the public or co-workers (Tr. 28, 31). Based on vocational expert testimony, the ALJ concluded that plaintiff is not disabled because several thousand such jobs exist in the regional economy (Tr. 32).

The magistrate judge recommends that the Court grant summary judgment for defendant because the ALJ's decision is supported by substantial evidence. Plaintiff's first objection is that "[t]he Magistrate Judge justified the ALJ's inappropriate 'cherry-picking' of the record as to plaintiff's mental [status] by simply doing the same." Pl.'s Obj. at 2. In essence the objection is that both the ALJ and the magistrate judge failed to consider the record as a whole, and instead highlighted only the evidence supporting the finding that plaintiff's mental impairments are not of disabling severity.

The Court rejects this objection. The medical records in this case are voluminous, and the Court has independently reviewed every page of them. Plaintiff understandably highlights those bits and pieces of evidence which cast doubt on his ability to work, including low GAF scores and occasional diagnoses of bipolar disorder, antisocial disorder, and mood swings (e.g., 303, 382, 408). Further, the evidence clearly shows that plaintiff suffers from alcoholism and that he has been hospitalized on several occasions after suffering alcohol-induced seizures. As noted by both the ALJ and the magistrate judge, however, the records also contain many indications that plaintiff's mental impairments are not of disabling severity and that his binge drinking and seizures occur only rarely. A fact-finder could review all of the medical evidence and reasonably conclude, as did the ALJ, that plaintiff has no cognitive, psychological or psychiatric impairment that prevents him from doing unskilled, sedentary work in an environment where he has no contact with others.

Plaintiff's second objection is that the ALJ and the magistrate judge did not properly analyze his alleged "manipulative limitations," i.e., the numbness and tingling in his right thumb and index finger (Tr. 42). The ALJ noted this alleged impairment (Tr. 29) but reasonably dismissed it based on "treatment notes stat[ing] that the claimant's sensation was intact to light touch, temperature, pinprick, and vibration in all four extremities" (Tr. 30). Plaintiff appears to fault the ALJ and the magistrate judge for not giving additional weight to the objective findings concerning his neck pain, i.e., the evidence, including x-rays and MRIs, showing "cervicalgia, cervical radiculopathy, and postlaminectomy syndrome of the cervical region." Pl.'s Obj. at 9, citing Tr. 325-38, 431. Plaintiff's neck pain, and the causes therefor, are well documented, as the ALJ noted in the first two paragraphs of page 7 of his decision (Tr. 30). But evidence supporting plaintiff's subjective complaints of numbness and tingling in his right thumb and index finger is entirely lacking. The evidence to which plaintiff points relates specifically and exclusively to the condition of his cervical spine. Plaintiff points to no evidence in the record, and the Court is aware of none, indicating that his cervical problems cause, or could cause, numbness or tingling in his fingers. If a causal connection exists, it does not appear in the record. And, as the ALJ noted, a medical examination (in March 2011) found plaintiff to have intact sensation in all four extremities (Tr. 300). Under these circumstances, the ALJ was entitled to conclude that plaintiff's alleged numbness does not interfere with his ability to perform the work identified by the vocational expert. Accordingly,

IT IS ORDERED that plaintiff's objections to the R&R are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Binder's R&R is hereby accepted

and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

                                                S/ Bernard A. Friedman_____
                                                BERNARD A. FRIEDMAN
                                                SENIOR UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2014
       Detroit, Michigan